1  Aidan W. Butler (SBN 208399)
   Attorney at Law
2  3540 Wilshire Boulevard, Suite 1030
   Los Angeles, California 90010
3  Telephone: (213) 388-5168
   Telecopier: (213) 388-5178
4  tocontactaidan@gmail.com

5  Attorneys for Plaintiff ADINA ZAHARESCU

6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ADINA ZAHARESCU, an          **SACV09-0428 CJC (ANx)**
    individual,
12                               )
13              Plaintiff,       )    **COMPLAINT FOR:**
                                 )
14      vs.                      )    1) **CANCELLATION OF**
                                 )        **WRITTEN INSTRUMENTS;**
15                               )    2) **FRAUD;**
    DEUTSCHE BANK NATIONAL       )    3) **DECLARATORY RELIEF;**
16  TRUST COMPANY, AS TRUSTEE    )    4) **INJUNCTIVE RELIEF;**
    FOR ASSET-BACKED PASS-       )    5) **RESCISSION;**
17  THROUGH CERTIFICATES,        )    6) **VIOLATIONS OF THE TRUTH**
    SERIES 2004-FR1; QUALITY     )        **IN LENDING ACT;**
18  LOAN SERVICE CORPORATION,    )    7) **QUIET TITLE; AND**
    a California corporation; LITTON )  8) **VIOLATIONS OF R.E.S.P.A.**
19  LOAN SERVICING LP, a business )
    entity of form unknown;      )
20  AMERIQUEST MORTGAGE          )
    COMPANY, a Delaware          )
21  corporation; and DOES 1 through )   **DEMAND FOR JURY TRIAL**
    10, inclusive,               )
22                               )
23              Defendants.      )
                                 )
24  _____

25      Plaintiff ADINA ZAHARESCU (hereinafter "Plaintiff") alleges as follows:

26                **I. JURISDICTION AND VENUE.**

27      1) Jurisdiction of this Court arises under 15 U.S.C. §1640(e) and 28 U.S.C.

28  §§1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant

                          1                    COMPLAINT

1   to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and

2   2202. Venue in this District is proper in that Plaintiff's claim arose in this District.

3

4                            **II. THE PARTIES.**

5       2) Plaintiff is an individual, residing in the County of Los Angeles, State of

6   California, and is the sole owner of certain real property located at the address

7   commonly known as 4351 La Barca Drive, Tarzana, California 91356,("the Subject

8   Property"), and fully described as:

9

10      Lot 25 of Tract 28017 in the City of Los Angeles, County of Los Angeles, State

11      of California, as per may recorded in Book 756 Pages 70 through 76 inclusive

12      of maps in the office of the County Recorder of said County.

13

14      The Subject Property is designated Assessor's Parcel Number 2177-005-034.

15      3) Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS

16   TRUSTEE FOR ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES

17   2004-FR1 (hereinafter "DB"), is a national banking association.

18      4) Defendant QUALITY LOAN SERVICE CORPORATION (hereinafter

19   "QLSC") is now acting as the trustee for the purported beneficiary, and is the

20   company that provided the notice of default and notice of the trustee's sale presently

21   scheduled for April 16, 2009, as described below.

22      5) Defendant LITTON LOAN SERVICING LP (hereinafter "LITTON") is a

23   business of unknown form, and is presently the servicer of Plaintiff's home mortgage.

24      6) AMERIQUEST MORTGAGE COMPANY (hereinafter "AMERIQUEST")

25   is and at times relevant herein was a Delaware corporation, the original lender under

26   the mortgage described below, and the original beneficiary under the deed of trust

27   described below.

28      7) Plaintiff does not know the true names and capacities of defendants sued

---

1  herein as DOES 1 through 10, inclusive, and will amend this Complaint to state their
2  true names and capacities when they have been ascertained.

3      8) Upon information and belief, Plaintiff alleges
4  that each Defendant, both named and designated as a DOE, was an agent, partner, or
5  successor of each other Defendant, and, in doing the things hereinafter alleged, was
6  acting within the scope and purpose of such agency or partnership with full
7  knowledge of the facts and with the ratification and approval of each other
8  Defendant.

9

10              **III. FACTUAL ALLEGATIONS.**

11      9) The Subject Property has been Plaintiff's primary residence since 1998.

12      10) On or around February 2, 2004, Plaintiff was solicited by a loan agent
13  working for AMERIQUEST. The agent informed Plaintiff that if she refinanced with
14  AMERIQUEST, he could get Plaintiff a lower interest rate and reduce her monthly
15  payments. He also assured Plaintiff that since he worked directly for AMERIQUEST,
16  Plaintiff would not have to pay the high points or fees usually collected by brokers.
17  Based on the agent's assurances, Plaintiff agreed to refinance.

18      11) Plaintiff applied over the telephone with another AMERIQUEST agent,
19  who repeated the assurances made by the first AMERIQUEST agent.

20      12) On around February 16, 2004, Plaintiff received various loan documents in
21  the mail, including a Truth-in-Lending Disclosure Statement showing an APR of
22  6.956%. Plaintiff also received a Good Faith Estimate which showed an interest rate
23  of 6.7%, and a Discount fee of $11,691.79, which according to the loan agent was
24  paid by the lender. The good faith estimate showed a total loan amount of
25  $516,422.00. After reviewing these figures, Plaintiff decided to finalize the loan.

26      13) On around February 19, 2004, a notary hired by AMERIQUEST came to
27  Plaintiff's home and had Plaintiff the sign certain loan documents, including the note
28  and the deed of trust. The pages were voluminous – Plaintiff did not have time to

review them word-by-word because the notary told Plaintiff she was behind schedule and had other stops to make – and naturally Plaintiff assumed the documents accurately reflected the terms of the original documents she had received from AMERIQUEST.    No one and nothing suggested to Plaintiff that the terms had been changed.

14) The notary sent by AMERIQUEST did not leave Plaintiff copies of any of the documents Plaintiff had signed, so Plaintiff called AMERIQUEST and asked for copies. AMERIQUEST's personnel told Plaintiff over the phone that the loan would not be funded for at least a week, and that they would be able to provide Plaintiff with copies until after that time.

15) In the middle of March, 2004, the loan closed.  However, Plaintiff still did not receive copies of the loan documents Plaintiff had signed, or other important documents, such as any notice of right to cancel under the Truth in Lending Act.

16) Plaintiff was current on the loan for several years.  In around August of 2007, Plaintiff was seven months into a medically complicated pregnancy.  Her husband – an immigrant – was detained by the I.N.S. and Plaintiff could not secure his release.    Plaintiff was admitted to the hospital and her child was born prematurely.  Despite these challenges, Plaintiff remained current on her loan and all of her other financial obligations until around February, 2008.  Her husband still had not been released, and on her limited income, still faced with medical issues and raising the child alone, Plaintiff fell behind.

17) Although Plaintiff attemped to take aggressive action to deal with her financial problems, in June, 2008, Plaintiff received a Validation of Debt Notice from the loan servicer, LITTON.   LITTON claimed that Plaintiff owed them $594,805.64, although Plaintiff had been current on monthly payments of approximately $4,000.00 from March, 2004, through February, 2008. Attempting to sort this out, on July 3, 2008, Plaintiff sent LITTON a qualified written request under RESPA.

18) Plaintiff received a response – though one that fell short of the information

1  that Plaintiff asked for – on or around August 18, 2008.  Included was a copy of the
2  Note which Plaintiff had signed, and a copy of the final closing statement.  This was
3  the first time Plaintiff was provided a copy of either document.

4        19) In paragraph 2 of the Note, the interest rate on the loan was disclosed to be
5  7.1%.  This is in contrast to the representations made to Plaintiff in the TILA
6  disclosure statement (which estimated a 6.9% APR), and in contrast to the good faith
7  estimate, which showed a 6.7 % interest rate.   Also, the Note revealed that the total
8  loan amount was $600,000.00, rather than $516,422.00, which was the loan amount
9  disclosed to Plaintiff..

10      20) The final closing statement shows that Plaintiff was assessed discount
11  charges of nearly $25,000.00 – more than twice what the good faith estimate showed.

12      21) Based upon these problems – which had been misrepresented and
13  concealed from Plaintiff for the more than three years while she duly made payments
14  on the loan – Plaintiff sent a Notice of Rescission on December 19, 2008.  Plaintiff
15  sent this to LITTON, as well as DEUTSCHE BANK and AMERIQUEST
16  MORTGAGE COMPANY.

17      22) Plaintiff subsequently received a notice of default, dated December 22,
18  2008, and an Assignment of Deed of Trust purportedly executed on December 22,
19  2008, assigning the deed of trust from AMERIQUEST to DB.

20      23) Subsequently, Plaintiff received and a Notice of Trustee's Sale dated
21  March 25, 2009, setting the trustee's sale for April 16, 2009.   As of the date of this
22  writing, the trustee's sale remains set for that date.

23      24) At no time did LITTON discuss Plaintiff's financial condition with her, or
24  make any good faith effort to explore options for avoiding foreclosure.   Although
25  Plaintiff made repeated efforts to modify the loan through LITTON's  mitigation
26  department, her attempts were fruitless.

27      25) Upon information and belief, Plaintiff's note and deed of trust were pooled
28  together with many other consumer mortgage deals pursuant to the terms of a pooling

and servicing agreement, to which AMERIQUEST and DB were parties. Upon

information and belief, the purpose of this pooling of mortgages was to allow various

parties to profit by selling the rights to the income stream resulting from the pooled

mortgages. Such rights were sold in the form of asset-backed securities to various

entities such as, for example, mutual funds. Upon information and belief, the pooling

and servicing agreement governed the formation, management, conduct, and

servicing of the trust, and the manner in which the trust income was divided and sold,

among other things, and constituted a binding contract. The pooling and servicing

agreement was required to be filed with, and actually was filed with, the Securities

Exchange Commission, and was and is made publicly available at the following SEC

website:

http://idea.sec.gov/Archives/edgar/data/1286741/000088237704000939/d225414.txt

26) Upon information and belief, in order to reassure investors about the

potential risks of buying asset backed securities issued by the trust, and in order to

shield other parties – such as DB – from the possible misconduct of AMERIQUEST,

who was the original lender, the pooling and servicing expressly required that

consumer debt obligations be transferred through various parties at around the same

time that the agreement was made (see Paragraph 2.01, "Conveyance of Mortgage

Loans.") The agreement was dated April 1, 2004.

27) Despite the express provisions of the pooling and servicing agreements

relating to the assignment of consumer obligations, and despite internal mechanisms

to ensure the compliance with those conveyancing provisions, the assignment of deed

of trust which purportedly now gives DB the right to foreclose on Plaintiff's home

was not executed until December 22, 2008, and was made directly from

AMERIQUEST to DB, rather than in accordance with the terms of the pooling and

servicing agreement governing the parties, filed with the SEC, and made available to

1  investors in the trust.

2

3                    **FIRST CAUSE OF ACTION**

4  (For Cancellation of Written Instrument Against All Named Defendants and DOES 1

5                         through 25, inclusive)

6      28) Plaintiff reincorporates herein all of the allegations of the preceding

7  paragraphs 1 through 27 as though fully set forth hereat.

8      29) Plaintiff's execution of the note and deed of trust was induced by material

9  and willful misstatements made to Plaintiff.

10     30) Further, the assignment of deed of trust dated December 22, 2008, based

11 upon which DB claims the authority to foreclose on Plaintiff's home, is void, invalid,

12 and unenforceable inasmuch as it was not executed by a party with any security

13 interest in the home, and violates the terms of the pooling and servicing agreement

14 governing the trust which purports to now hold Plaintiff's underlying obligation.

15     31) Wherefore, Plaintiff requests that those instruments be handed over by

16 Defendants and cancelled.

17

18                   **SECOND CAUSE OF ACTION**

19      (For Fraud Against AMERIQUEST and DOES 1 through 25, inclusive)

20     32) Plaintiff reincorporates herein all of the allegations of the preceding

21 paragraphs 1 through 31 as though fully set forth hereat.

22     33) AMERIQUEST and its personnel – including Maurice Wasko – made

23 material misrepresentations of fact to Plaintiff in order to induce her to enter into the

24 aforementioned loan transactions.  Specifically, they represented that Plaintiff would

25 be able to use the loans to achieve a lower total monthly loan payment.

26     34) The aforementioned representations were false, and the aforementioned

27 personnel of AMERIQUEST knew that the time that they were made that the

28 representations were false.  Had Plaintiff known the truth, she would not have agreed

1  to the refinance. She would not have signed the deed of trust.

2      35) Plaintiff's reliance upon the representations of AMERIQUEST and its
3  personnel was reasonable, however, in that AMERIQUEST appeared to be a
4  legitimate, honest lending company.

5      36) AMERIQUEST willfully concealed the fact that it had misrepresented the
6  terms of Plaintiff's loan by refusing, despite repeated requests from Plaintiff, to
7  provide copies of the documents disclosing the actual terms of the loan until more
8  than three years after the consummation of the loan. Since the material disclosures
9  were deliberately withheld from Plaintiff until after the expiration of the three-year
10  limitations period under the Truth in Lending Act, that limitations period has been
11  equitably tolled. AMERIQUEST's conduct was willfully fraudulent, thus entitling
12  Plaintiff to punitive damages under Civil Code section 3294.

13

14              **THIRD CAUSE OF ACTION**

15  (For Declaratory Relief Against All Named Defendants and DOES 1 through 25,
16                      inclusive)

17      37) Plaintiff reincorporates herein all of the allegations of the preceding
18  paragraphs 1 through 36 as though fully set forth hereat.

19      38) An actual controversy has arisen and now exists between Plaintiff and the
20  defendants as to whether the Plaintiff has validly exercised her right to rescind the
21  note and the deed of trust under the Truth in Lending Act based upon
22  AMERIQUEST's material errors in certain federally required disclosures – including
23  the finance charge, the APR, and the amount financed – and based upon
24  AMERIQUEST's failure to provide proper notice of Plaintiff's right to cancel.

25      39) Another controversy exists in that Plaintiff contends that the assignment of
26  deed of trust dated December 22, 2008, is invalid, void and unenforceable, in that it
27  was not prepared in accordance with the express requirements of the pooling and
28  servicing agreement which governs the securitized trust which purportedly owns

1  Plaintiff's obligation, and was executed by a purported assignor which – on

2  December 22, 2008 – did not own the rights purportedly assigned.

3      40) Another controversy exists in that Plaintiff contends that DB does not

4  possess the original note, or a valid affidavit of lost note, and so is barred from

5  foreclosing under relevant provisions of the Uniform Commercial Code.

6      41) Another controversy exists in that Plaintiff contends that by operation of

7  law, based upon her notice of rescission, the deed  and the underlying note are void,

8  and cannot be the basis of a foreclosure.

9      42) Finally, another controversy exists in that Plaintiff contends that defendants

10  have failed to comply with the requirements of Civil Code section 2923.5,

11  compliance with which a now a legal prerequisite to conducting and foreclosure in

12  California of an owner-occupied residence.

13      43) On the other hand, the defendants deny – expressly or impliedly –

14  Plaintiff's contentions, and assert their right to conduct a trustee's sale on Plaintiff's

15  home.

16      44) Based upon the present existence of the aforementioned controversy, a

17  judicial declaration as to the rights and obligations of the parties hereto is now

18  necessary and appropriate.

19

20              **FOURTH CAUSE OF ACTION**

21  (For Injunctive Relief Against All Named Defendants DOES 1 through 25, inclusive)

22      45) Plaintiff reincorporates herein all of the allegations of the preceding

23  paragraphs 1 through 44 as though fully set forth hereat.

24      46) Defendants have served a Notice of Default and a Notice of Trustee's Sale.

25  Nevertheless, Defendants have failed to comply with the requirements of Civil Code

26  section 2923.5(c), despite the attachment to the Notice of Trustee's sale of an

27  unsigned declaration alleging compliance in boilerplate terms.  The Trustee's Sale is

28  now scheduled for April 16, 2009, at 10:30 am.

47) Although DB and QLSC threaten to foreclose, neither defendant is entitled to foreclose in that neither one holds a valid assignment of the deed of trust executed in accordance with the pooling and servicing agreement governing Asset-Backed Pass-Through Certificates, Series 2004-FR1. Further, upon information and belief, neither DB nor LITTON has standing to enforce the note under applicable provisions of the Uniform Commercial Code.

48) Unless enjoined from further transferring the Subject Property to third party buyers or transferees, Plaintiff may be forever unable to recover possession of the Subject Property.

49) Given the inherent uniqueness of real estate, Plaintiff would suffer irreparable harm as a direct and proximate result if further transfer of the Subject Property is not enjoined by this Court; it would be impossible for Plaintiff to adequately calculate the harm suffered as a result of the loss of ownership of the land.

50) Irreparable harm to Plaintiff will be avoided only if the Court enjoins further transfer of the Subject Property.

## FIFTH CAUSE OF ACTION

(For Rescission Against AMERIQUEST, DB, LITTON, and DOES 1 through 25, inclusive)

51) Plaintiff reincorporates herein all of the allegations of the preceding paragraphs 1 through 50 as though fully set forth hereat.

52) Pursuant to her rights under 15 U.S.C. §1635 et seq., and based upon AMERIQUEST's material understatement of the APR and the finance charge, AMERIQUEST's material overstatement of the amount financed, and AMERIQUEST's failure to provide proper notice of Plaintiff's right to cancel the transaction, the Plaintiff has validly rescinded the transaction, mailing a notice of rescission on December 19, 2008.

53) None of the defendants responded to the Notice of Rescission within

COMPLAINT

1  twenty days.

2      54) For the foregoing reasons, Plaintiff seeks an order that the defendants, and

3  each of them, disgorge any finance charges received by them, and turn surrender to

4  her the deed of trust and the note.

5

6              **SIXTH CAUSE OF ACTION**

7  (For Violations of the Truth in Lending Act Against AMERIQUEST, DB, LITTON,

8              and DOES 1 through 25, inclusive)

9      55) Plaintiff reincorporates herein all of the allegations of the preceding

10  paragraphs 1 through 54 as though fully set forth hereat.

11      56) Defendants have violated the Truth in Lending Act in various way,

12  including materially understating the APR and finance charge for the adjustable rate

13  mortgage, overstating the amount financed, failing to respond properly to the notice

14  of rescission.

15      57) Based upon the foregoing, Plaintiff is entitled to monetary damages against

16  the defendants, it the form of actual damages, damages for emotional distress and

17  suffering, and statutory damages in a specific amount not presently known to

18  Plaintiff, but subject to proof at the time of trial.  Plaintiff is additionally entitled to

19  costs and attorney's fees under 15 U.S.C. section 1640(a).

20

21              **SEVENTH CAUSE OF ACTION**

22  (For Quiet Title Against AMERIQUEST, DB, LITTON, and DOES 1 through 25,

23                  inclusive)

24      58) Plaintiff reincorporates herein all of the allegations of the preceding

25  paragraphs 1 through 57 as though fully set forth hereat.

26      59) Plaintiff was fraudulently induced to enter into a loan transaction with

27  AMERIQUEST, which concealed the terms of the loan for more than three years.

28      60) Subsequently, AMERIQUEST assignment its rights to an entity whose

1 exact identity is not yet ascertained.  Thereafter, one or more subsequent assignments
2 may have been made.

3     61) On or around December 22, 2008, AMERIQUEST, which no longer held
4 the note or any security therefor, purported to transfer the deed of trust to DB, and
5 recorded the assignment with the Los Angeles County Recorder's Office.

6     62) The assignment was void and unenforceable, in that AMERIQUEST no
7 longer owned the note or any security therefor at the time of the assignment, and in
8 that the transfer was not made in accordance with a certain binding agreement to
9 which BD and AMERIQUEST were parties.  The recording of the assignment of the
10 deed of trust created a cloud on Plaintiff's title.

11     63) Plaintiff is uncertain which – if any – of the defendants now holds the note
12 and the rights to enforcement thereof.

13     64)  Plaintiff seeks hereby to quiet title against all adverse claims of any of the
14 defendants herein as to the Subject Property.

15

16 **EIGHTH CAUSE OF ACTION**

17 (For Violations of the Real Estate Settlement Procedures Act Against LITTON, and
18 DOES 1 through 25, inclusive)

19     65) Plaintiff reincorporates herein all of the allegations of the preceding
20 paragraphs 1 through 64 as though fully set forth hereat.

21     66) Within one year prior to the commencement of this lawsuit, Plaintiff mailed
22 a qualified written request to LITTON – then the servicer of her loan – as that term is
23 defined under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605(e)(1)(B),
24 regarding, among other things, payments on her mortgage account.

25     67) LITTON's response was improper, and violated 12 U.S.C. §§2605(e)(1),
26 and 2605(e)(2) because, *inter alia,* it did not provide all of the information Plaintiff
27 had requested and was entitled to, and was untimely.

28     68) Based upon the foregoing violation of RESPA, Plaintiff is entitled to

1  damages, fees, and costs, as provided in 12 U.S.C. §2605(f).

2

3      WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

4      1. That Plaintiff be adjudicated to be the owner in fee simple of the Subject

5  Property and that Defendants herein have no interest in the property adverse to her;

6      2. For a judicial determination of and declaration as to the respective rights and

7  obligations of the parties hereto;

8      3. For an order that the Note and the Deed be delivered up and canceled;

9      4. For punitive and exemplary damages against AMERIQUEST;

10     5. For costs of suit incurred herein;

11     6. For Injunctive relief provisionally and permanently barring Defendants from

12  foreclosing on the deed of trust and/or note;

13     7. For actual damages, statutory damages, and attorney's fees under the Truth

14  in Lending Act (15 U.S.C. §1640(a) and RESPA (12 U.S.C. §2605(f));

15     8. For an adjudication quieting title to the Subject Property in favor of Plaintiff

16  and against the Defendants;

17     9. For such other and further relief as the Court may deem proper.

18

19     PLEASE TAKE NOTICE that plaintiff ADINA ZAHARESCU demands a trial

20  by jury.

21

22  DATED: April 7, 2009                    Respectfully submitted,

23

24

25                          By:  _____
                                 Aidan W. Butler
26                               Attorneys for Plaintiff
                                 ADINA ZAHARESCU
27

28

---

13                    COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV09- 428 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, CA 90010
Tel. (213) 388-5168
Fax (213) 388-5178

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ADINA ZAHARESCU, an individual,

PLAINTIFF(S)

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR ASSET-BACKED
PASS-THROUGH CERTIFICATES, (see attached)

DEFENDANT(S).

CASE NUMBER

SACV09-0428 CJC (ANx)

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Aidan W. Butler_____, whose address is _3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____APR - 8 2009____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)    SUMMONS

ATTACHMENT TO SUMMONS - ADDITIONAL DEFENDANTS

(Page 2 of 2)


SERIES 2004-FR1; QUALITY LOAN SERVICE CORPORATION, a California
corporation; LITTON LOAN SERVICING LP, a business entity of form
unknown; AMERIQUEST MORTGAGE COMPANY, a Delaware corporation;
and DOES 1 through 10, inclusive,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ADINA ZAHARESCU, an individual, | DEUTSCHE BANK, etc.; QUALITY LOAN SERVICE CORPORATION; LITTON LOAN SERVICING LP; AMERIQUEST MORTGAGE COMPANY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aidan W. Butler (SBN 208399) 3540 Wilshire Blvd. Suite 1030, L A CA 90010 213-388-5168 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☑ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** Not yet ascertained.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1601 et seq. - Truth in Lending Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R R & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY:     Case Number _____ **SACV09-0428**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Texas, Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date April 7, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |