# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)　　　　　　　　　　　Date: April 10, 2009

Title: <u>ADINA ZAHARESCU V. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL.</u>

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINDARY INJUNCTION** [filed 04/10/09]

## INTRODUCTION

　　　This action arises from a dispute over the refinancing of and attempted foreclosure upon the home of Plaintiff Adina Zaharescu by Defendants Deutsche Bank National Trust Company, Quality Loan Service Corporation ("Quality"), Litton Loan Servicing LP, and Ameriquest Mortgage Company ("Ameriquest") (collectively "Defendants"). Ms. Zaharescu entered into an agreement with Ameriquest in February 2004 to refinance her home with an adjustable-rate mortgage. Ms. Zaharescu stopped making payments on the loan in February 2008. Quality then issued a notice of default to Ms. Zaharescu, and Defendants have scheduled a trustee's sale for April 16, 2009. Six days before the scheduled trustee's sale, on April 10, 2009, Ms. Zaharescu initiated this suit against Defendants for violations of the federal Truth in Lending Act and California Civil Code Section 2923.5. At the same time, Ms. Zaharescu filed the instant *ex parte* application for a temporary restraining order and order to show cause re preliminary injunction to enjoin the trustee's sale. For the following reasons, Ms. Zaharescu's *ex parte* application is DENIED.

## LEGAL STANDARD

　　　To obtain preliminary injunctive relief, the moving party must establish the existence of serious questions going to the merits and that the balance of hardships tips

sharply in her favor. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). The greater the balance of hardships tips in favor of the moving party the less of a showing of serious questions the moving part must make. *Apple Computer, Inc. v. Formula Int'l, Inc.*, 562 F. Supp. 775, 783 (C.D. Cal. 1983), *aff'd*, 725 F.2d 521 (9th Cir. 1984) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Ms. Zaharescu has failed to meet his burden of showing serious questions going to the merits or that the balance of hardships tips in her favor.

**ANALYSIS**

     **A. No Serious Questions Going to the Merits**

         **1. Truth in Lending Act**

     Ms. Zaharescu's claim under TILA is time-barred. Even if Ms. Zaharescu were not provided with the material disclosures required by TILA, an action for rescission under TILA must be brought within three years of the lender's alleged violation of the law. 15 U.S.C. § 1635(f). "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." *Id.* Ms. Zaharescu executed the note for this mortgage in February 2004, and thereafter Ameriquest funded the loan. (Pl.'s Mot. Ex. 4.) She filed suit in April 2009, more than five years later, and far beyond the limitation period. Ms. Zaharescu has not submitted any evidence to support the application of equitable tolling. Her claim for rescission is therefore time-barred.

     Additionally, Ms. Zaharescu also has not stated a claim for rescission under TILA because she has failed to allege that she has tendered the borrowed funds back to Defendants. Rescission is an equitable doctrine. A claim for rescission requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender. *See Yamamoto v. Bank of New York*, 339 F.3d 1167 (9th Cir. 2003) ("rescission should be conditioned on repayment of the amounts advanced by the lender.") *See also Am. Mortgage Network v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007) ("The equitable goal of rescission under TILA is to restore the parties to the status quo ante.") (citations

omitted). Ms. Zaharescu has not alleged that she has made such an offer or contemplates making such an offer.

### 2. California Civil Code Section 2923.5

California Civil Code Section 2923.5 mandates that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after contact is made" in person or by telephone or "30 days after satisfying the due diligence requirements." CAL. CIV. CODE § 2923.5(a)(1). Although Ms. Zaharescu alleges that Defendants did not comply with this statute, such a conclusory allegation is not sufficient to establish a likelihood of success on the merits. First, the Notice of Default expressly states that "[t]he Beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.5 . . ." (Pl.'s Mot. Ex. 7.) At best, Ms. Zaharescu has created a factual dispute as to whether Defendants complied with the statute, but she falls far short of establishing a probability of success on the merits of her claim. Second, given the four month delay between the Notice of Default and this application for a temporary restraining order, there is no indication that had Defendants contacted Ms. Zaharescu, foreclosure and a trustee's sale could have been avoided. Even if Defendants failed to comply with Section 2923.5, Ms. Zaharescu has not established that the appropriate remedy for damage resulting from such a violation is preventing a trustee's sale from going forward.

### B. The Balance of the Hardships

Ms. Zaharescu has also failed to show that the balance of the hardships tips sharply in her favor. Defendants loaned Ms. Zaharescu funds pursuant to the loan agreement, performing their part of the bargain. Although Ms. Zaharescu made timely payments on her loan through February 2008, she has not been current on her loan payments for over a year. Ms. Zaharescu also waited almost four months after Defendants issued the Notice of Default before seeking relief, and waited until six days before a scheduled trustee's sale to seek temporary relief from the Court. At some point, Defendants must be permitted to exercise their right to foreclose on the property.

## CONCLUSION

For the foregoing reasons, Ms. Zaharescu's *ex parte* application for a temporary restraining order and order to show cause re preliminary injunction is DENIED.

law

MINUTES FORM 11
CIVIL-GEN                                                                Initials of Deputy Clerk mu