UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)                                              Date: June 25, 2009

Title: <u>ADINA ZAHARESCU V. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>    Michelle Urie    </u>                                    <u>    N/A    </u>
Deputy Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** [filed 05/26/09]

   Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for June 29, 2008 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

   This action arises from a dispute over the refinancing of and attempted foreclosure upon the home of Plaintiff Adina Zaharescu by Defendants Deutsche Bank National Trust Company, Quality Loan Service Corporation ("Quality"), Litton Loan Servicing LP, and Ameriquest Mortgage Company ("Ameriquest") (collectively "Defendants"). Ms. Zaharescu entered into an agreement with Ameriquest in February 2004 to refinance her home with an adjustable-rate mortgage. Ms. Zaharescu admits she did not read the mortgage documents she signed, because the notary that came to her house to notarize Ms. Zararescu's signature was "behind schedule." (Compl. ¶ 13.) After signing the documents, Ms. Zaharescu did not receive loan documents in the mail from Ameriquest, yet she paid the loan as agreed from March 2004 until February 2008. (Compl. ¶¶ 15-16.) Ms. Zaharescu alleges that the mortgage rate she had been paying was different than the one she expected to pay and that the charges associated with the loan were also higher than the ones she expected based upon statements made to her before she signed the loan documents that she did not review. (Compl. ¶¶ 18-20.) Ms. Zaharescu made these discoveries when she requested, and read, copies of the documents she negelected to read

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)                                              Date: June 25, 2009
                                                                                                              Page 2

when signing them four years before.  (Compl. ¶ 18.)  Ms. Zaharescu now brings claims for (1) cancellation of the note and deed of trust related to her loan, (2) fraud, (3) declaratory relief for rights related to the foreclosure upon her property, (4) rescission and damages for violations of the federal Truth in Lending Act ("TILA"), (5) quiet title, and (6) violations of the Real Estate Settlement Procedures Act ("RESPA").  Defendants now move to dismiss all of Ms. Zaharescu's claims, except for her RESPA claim, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the following reasons, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**ANALYSIS**

    **1.  Truth in Lending Act**

Ms. Zaharescu's claim under TILA is time-barred.  Even if Ms. Zaharescu were not provided with the material disclosures required by TILA, an action for rescission under TILA must be brought within three years of the lender's alleged violation of the law.  15 U.S.C. § 1635(f).  "An obligor's right of rescission shall expire three years after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)             Date: June 25, 2009

Page 3

---

the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." *Id.* Ms. Zaharescu executed the note for this mortgage in February 2004, and thereafter Ameriquest funded the loan. (Pl.'s Mot. Ex. 4.) She filed suit in April 2009, more than five years later, and far beyond the limitation period. Ms. Zaharescu has not submitted any evidence to support the application of equitable tolling. Her claim for rescission is therefore time-barred.

### 2. Fraud

Ms. Zaharescu's fraud allegations are time-barred. Ms. Zaharescu entered into the transaction in February and March, 2004. The representations at issue in this case were made at or before that time. Ms. Zaharescu did not file this action until April 2009, more than five years after these events occurred. The statute of limitations for fraud is three years. CAL. CIV. CODE § 338. Ms. Zaharescu admits she was provided with the loan documents for her signature in 2004, but she did not read them because the notary said she was in a hurry. Ms. Zaharescu also did not request copies of her loan documents and she paid the loan off for nearly four years. When Ms. Zaharescu did request copies of her loan documents, Defendants provided the documents to her. Ms. Zaharescu's allegation that Defendants willfully concealed the loan documents from her simply leaves the Court agog with incredulity. Ms. Zaharescu has not alleged that the terms of the document she signed—a loan for more than a half million dollars that she did not review—differ from the terms under which she was made to perform. Ms. Zaharescu had ample opportunity to discover the true facts of her mortgage, she did not exercise that opportunity.

### 3. Cancellation

Ms. Zaharescu's cause of action for cancellation is based upon her faulty claim of fraud. Ms. Zaharescu has not alleged that the terms of the document she signed differ from the terms she was made to perform under. Her cause of action for cancellation therefore fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)　　　　　　　　　　　　　　　Date: June 25, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

### 4. Declaratory Judgment

Ms. Zaharescu's cause of action for declaratory judgment fails. It is based in part upon the claims that the Court has already discussed as deficient. It is also based on an allegation that Defendants do not have the original note signed by Ms. Zaharescu and therefore do not possess the authority to foreclose upon her property. However, Ms. Zaharescu's interpretation of the law is mistaken. *See Wayne v. HomEq Servicing, Inc.*, 08-00781, 2008 WL 4642595, at *4 (D. Nev. October 16, 2008) ("Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status.").

### 5. Injunctive Relief

Ms. Zaharescu's claim for injunctive relief also fails. The Court has already found that Ms. Zaharescu is not entitled to preliminary relief in this case. Furthermore, the Complaint does not demonstrate that Ms. Zaharescu is entitled to this relief.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss all claims but Ms. Zaharescu's RESPA claim is GRANTED WITH LEAVE TO AMEND. Ms. Zaharescu has twenty days leave to amend her complaint consistent with this order. Defendants have twenty days thereafter to respond.

jls

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk mu