Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Boulevard, Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff ADINA ZAHARESCU

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA ZAHARESCU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-FR1, etc., et al.,<br><br>Defendants. | **CASE NO. SACV09-0428 CJC (ANx)**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT AMERIQUEST'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**<br><br>**Date: August 31, 2009**<br>**Time: 1:30 pm**<br>**Courtroom: 9B** |

COMES NOW Plaintiff ADINA ZAHARESCU (hereinafter "Plaintiff") and submits her Memorandum of Points and Authorities in Opposition to the Motion to Dismiss filed by Defendant AMERIQUEST MORTGAGE COMPANY pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE APPLICABLE STANDARD.

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

While factual allegations must assert "more than labels and conclusions [or] a formulaic recitation of the elements[,]" and must "raise a right to relief above the speculative level[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), such "material allegations . . . are accepted as true, as well as all reasonable inferences to be drawn from them." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996); *see also Twombly*, 127 S. Ct. at 1965 (indicating that there is "an assumption that all the allegations in the [pleading] are true (even if doubtful in fact)").

Further, in considering a motion to dismiss, a district court should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 127 S. Ct. at 1969. Ultimately, the allegations contained in the pleading "should be construed favorably to the pleader." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.* 108 F3d 246, 249 (9th Cir. 1997) . Dismissal under 12(b)(6) is proper only under only in "extraordinary" cases. *United States v. Redwood City*640 F2d 963, 966 (9th Cir. 1981) .

## II. THE CAUSE OF ACTION FOR CANCELLATION IS ADEQUATELY PLED.

AMERIQUEST cites California Civil Code section 3412: "A written

instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

If Plaintiff's factual allegations are proven at trial (or, for the sake of this motion, deemed true), the promissory note and deed of trust would in fact be voidable. Moreover, it would be entirely likely that the note and deed of trust "may cause serious injury" to her, vis-a-vis her ownership and quiet enjoyment of her home.

Even assuming for the sake of argument that there is no basis for cancellation, AMERIQUEST's argument is academic since cancellation is, ultimately, a remedy. It is well-established that "a Rule 12(b)(6) motion 'will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled.' . . . 'It need not appear that plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted.'" *Massey v. Banning Unified Sch. Dist*. 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003), citing William W Schwarzer, et al., Civil Procedure Before Trial § 9:230, *inter alia*.

While the Court previously ruled against Plaintiff on this matter (Motion, 3:21-22), the additional allegations of the First Amended Complaint demonstrate an instance of fraud in the execution and subsequent fraudulent concealment.

## III. PLAINTIFF'S CAUSE OF ACTION FOR FRAUD IS PROPERLY PLED.

First, Plaintiff's claim for fraud is not time-barred; AMERIQUEST's statement of the three-year rule of Code of Civil Procedure section 338(d) is obviously incomplete. Section 338 subparagraph (d) also states: "The cause of action . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts

constituting the fraud or mistake."[1]

In her complaint, Plaintiff clearly alleges circumstances – including the withholding of documents – which resulted in her delayed discovery of the fraud.

While it is conceded that pleading fraud requires more particularity than other causes of action (Fed. R. Civ. P. 9), Plaintiff has achieved the requisite level of particularly with her factual background (Complaint, §§9-27), by alleging material representations (§33) that were by "were false" (§34), knowledge of the falsity (§34), justifiable reliance (§35), and harm (§§34, 36, etc.).

AMERIQUEST cites *Moore v. Kayport Package Express, Inc*. 885 F.2d 531 (9th Cir. 1989), a securities law case, for the proposition that "fraud allegations against a corporation require allegations that the fraud was committed by a corporate officer or director with control over day-to-day operations." (Motion, 4:24-26.) This not *Moore's* holding. In fact, *Moore* pointed out that "in cases of corporate fraud, plaintiffs will not have personal knowledge of all of the underlying facts," and so the general rule that pleading fraud on information and belief is inadequate "may be relaxed as to matters within the opposing party's knowledge."

In fact, *Moore* indicated that "statements of the time, place and nature of the alleged fraudulent activities are sufficient." (Id. at 540.) Here, Plaintiff has painstakingly alleged the time, the place, and the nature of the fraudulent activities. In essence, one batch of loan documents was shown to her and approved; without her awareness, a second set of documents was presented for signing. Subsequently, AMERIQUEST repeatedly deflected Plaintiff's attempts to obtain the actual documentation. In other words, Plaintiff was a victim of fraud in the execution.

If in fact it were the law that Plaintiffs were required to truthfully allege the

---

[1] The moving party argues that the Court has already ruled that the fraud claim was time-barred. (Motion, 5:25-27.) In her Amended Complaint, Plaintiff clarifies facts showing fraudulent concealment and explaining her belated discovery of the true facts. The statute of limitations for fraud keys off of discovery. (Code of Civ. Proc. §338(d).)

identity of some specific "officer or director" who committed each fraudulent act, any corporate could effectively shield itself from civil fraud simply by adopting policies whereby all fraudulent representations are made by low-level employees. Clearly the rules of pleading are not designed to facilitate corporate wrongdoing.

## IV. PLAINTIFF'S THIRD CLAIM FOR DECLARATORY RELIEF, FIFTH CLAIM FOR TILA RESCISSION, AND SIXTH CLAIM FOR TILA DAMAGES ARE ADEQUATELY PLEA.

AMERIQUEST attempts to eliminate the declaratory relief claim and the TILA damages claim on the basis that the one-year statute of limitations controls, and was not met. AMERIQUEST understands the declaratory relief claim as hinging on TILA, and thus potentially eliminated by the same alleged defect. However, the declaratory relief claim is not based solely upon the TILA claims.

Even if the declaratory relief claim were based solely upon the TILA damages claim, such claim is protected by the doctrine of equitable tolling. AMERIQUEST cites *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) on the point that equitable tolling is not applied in situations where a plaintiff "was not diligent in pursuing her legal rights." (Motion, 7:6-7.) Whether the Plaintiff was diligent in this case should be determined by the finder of fact at trial. In any event, Plaintiff alleged repeated instances in which she requested from AMERIQUEST and its personnel the documents of her loan – and was ignored. AMERIQUEST argues that Plaintiff "would have known at the time of signing that the disclosures were not correct or at least when she started making her loan payments." (Motion, 7:10-12.) This contention is not supported by judicially noticed facts or facts alleged in the first amended complaint; quite the contrary, the facts of the first amended complaint directly refute this contention. In any event, what Plaintiff should have known from her loan statements and loan documents cannot be determined at the pleading stage of this case. However, it is entirely unclear how the monthly statements would

illuminate misdisclosures in APR, amount financed, or finance charges on the part of the original loan documents. If the true numbers could have been reverse-engineered from the monthly statements, it cannot be taken for granted that an ordinary, diligent person – or a least sophisticated consumer – could accomplish such a feat.

With regard to the rescission claim, the thrust of AMERIQUEST's argument is that there is a three-year limitation on rescission claims under the Truth in Lending Act (15 U.S.C. §1635(f)). While this is true, AMERIQUEST mistakenly argues that the three-year period "begins running on the date the loan documents are signed." (Motion, 6:24-25.)

AMERIQUEST relies upon *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). That case, however, did not deal with the rescission remedy, which is limited by the three-year period, but only the one-year statute of limitations for money damages under TILA. The case expressly stated at page 902, "Once the Meyers sold their home . . . the TILA rescission provision no longer applied and only the damages provision remained." Further, the court did not actually decide even when the one-year period begins to run: "There is some debate on whether the [one year] period of limitations commences on the date the credit contract is executed [citations omitted] or at the time the plaintiff discovered, or should have discovered, the acts constituting the violations [citations omitted]. But we need not decide this question here . . ."

Under 15 U.S.C . §1635(f), "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property . . ." The relevant question is: When does "consummation" occur? The court in *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1011 (9th Cir. 2003) pointed out that "[u]nder Regulation Z, which specifies a lender's disclosure obligations, 'consummation' of the loan occurs when the borrower is 'contractually obligated.'" (Citing 12 C.F.R. § 226.2(a)(13).) Further, "[t]he point at which a 'contractual obligation . . . is created' is a matter of state law." (Citing 12 C.F.R. pt.

226, Supp. 1 (Official Staff Interpretation), cmt. 2(a)(13).) The court noted that "[u]nder California law, a contract is formed when there are (1) parties capable of contracting, (2) mutual consent, (3) a lawful object, and (4) sufficient cause or consideration." (Citing Cal. Civ. Code § 1550.)

California Civil Code section 1580 provides, "Consent is not mutual, unless the parties all agree upon the same thing in the same sense."

Moreover, section 1567 provides that apparent consent is not real or free when obtained through, among other things, fraud, undue influence, or mistake.

Section 1571 clarifies that fraud can be actual or constructive, the former consisting (according to 1572) of "1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; or, 5. Any other act fitted to deceive."

Section 1573 defines "constructive fraud" to consist "1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

The facts of this case indicate that there was no consent. The actual terms of a loan, including the interest rate, the fees taken by the lender, and the actual amount borrowed, were concealed by AMERIQUEST's withholding of documents and its agent's presentation of materially inaccurate documents. Since there was no consent, there was no consummation. Accordingly, since consummation has not occurred, the three-year period is not an obstacle to Plaintiff's claim.

## V. BY DENYING PLAINTIFF'S APPLICATION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER, THE COURT DID NOT ELIMINATE PLAINTIFF'S RIGHT TO SEEK A PERMANENT INJUNCTION.

The first amended complaint raises an additional basis for the Court to enjoin the trustee's sale – specifically, that Plaintiff's mortgage (more precisely, the note, the obligation the note embodies, and the security instrument securing the obligation) have not been made part of the securitized trust which DEUTSCHE BANK acts as trustee of. In essence, the defendants do not have any rights to foreclose. This is an issue of fact which should be determined following discovery.

Further, nothing in the Court's Order on Plaintiff's application for a temporary restraining order foreclosed on Plaintiff's right to seek a permanent injunction at trial. Plaintiff anticipates that discovery will enable her to better persuade the Court of the merits of her claim. It would be improper for the Court to eliminate Plaintiff's right to injunctive right before allowing her discovery and a trial.

## VI. THERE IS NO BASIS TO DISMISS PLAINTIFF'S CAUSE OF ACTION FOR QUIET TITLE.

The general rule is that a plaintiff seeking to quiet title must name as defendants all parties with adverse claims to the property on which determinations are sought. (Code of Civ. Proc. §§760.010 - 765.60.) Section 760.010(a) defines "Claim" to include "a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Thus "claim" is defined broadly.

AMERIQUEST argues that it "has no interest in ownership of the property." (Motion, 8:12.) This does not mean that the cause of action "fails" for pleading purposes, making it susceptible to dismissal; it means that AMERIQUEST no longer has any grounds for fighting the cause of action, and should so indicate in an answer.

Finally, AMERIQUEST relies upon *Aguilar v. Bocci* (1974) 39 Cal.App.3d

475, 114 Cal. Rptr. 91, for the proposition that "Plaintiff cannot seek quiet title on the Property until she satisfies her debt," apparently as an after-thought to the point that it is fundamentally unconcerned about the quiet title cause of action. *Aguilar* dealt with facts not even remotely related to the case at hand (e.g., it did not deal with the rescission remedy under TILA, or with fraud in the inducement, etc.). Moreover, it did not even deal with pleadings; the *Aguilar* opinion reviewed arguments and findings made "at trial" (Id. at 476-477), so clearly the court allowed the parties to get that far. Finally, as indicated in her declaration in support of her ex parte application (¶19), Plaintiff is mindful of her obligation to pay off the underlying debt, once it is determined what that is. The amount due is a matter of dispute, and in any event, Plaintiff's obligation to tender follows the lender's return of any finance charges received from the borrower (see 15 U.S.C. §1635(b), indicating, "When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission"). To date, no defendants have refunded to Plaintiff any of the finance charges, or otherwise responded to her notice of rescission. .

## VII. IF THE COURT IS INCLINED TO GRANT THE MOTION, PLAINTIFF REQUESTS LEAVE TO AMEND.

Should the Court be inclined to grant AMERIQUEST's motion, Plaintiff respectfully requests leave to amend. Federal Rule of Civil Procedure 15(a) expressly states leave to amend "shall be freely given when justice so requires." See also *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).

/ / /

/ / /

/ / /

/ / /

**VIII. CONCLUSION.**

For all of the foregoing reasons, plaintiff ADINA ZAHARESCU respectfully requests that the Court deny the motion to dismiss or, alternatively, grant her leave to amend.

DATED: August 17, 2009

Respectfully submitted,

By: */S/ Aidan W. Butler*
Aidan W. Butler
Attorneys for Plaintiff
ADINA ZAHARESCU