UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)                         Date: November 9, 2009

Title: ADINA ZAHARESCU V. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                           None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT** [filed 10/15/09]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for November 16, 2009, at 1:30 p.m. is hereby vacated and off calendar.

**Introduction**

      This action arises from a dispute over the refinancing of and attempted foreclosure upon the home of Plaintiff Adina Zaharescu by Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Quality Loan Service Corporation ("Quality"), Litton Loan Servicing LP ("Litton"), and Ameriquest Mortgage Company ("Ameriquest") (collectively "Defendants"). Ms. Zaharescu entered into an agreement with Ameriquest to refinance her home with an adjustable-rate mortgage on February 19, 2004. Ms. Zaharescu brought suit against Defendants on April 8, 2009.

      Ms. Zaharescu alleges that the terms and amount of her loan were different than what she expected to pay based on the preliminary disclosures made by the lender, but she admits she did not discover these alleged discrepancies when she signed the loan documents. (Second Amended Complaint ("SAC") ¶ 14.) After signing the documents, Ms. Zaharescu did not receive loan documents in the mail, yet she made payments on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)                                    Date: November 9, 2009
                                                                                                Page 2

loan as agreed from March 2004 until February 2008.  (SAC ¶¶ 17–18.)  Ms. Zaharescu alleges that she discovered the allegedly fraudulent charges when she requested and read copies of the loan documents four years after she first signed the documents and after she had diligently made payments for four years.  (SAC ¶ 20.)  The Court previously dismissed Ms. Zaharescu's claims, but twice gave her leave to amend.

Ms. Zaharescu has amended her complaint, and now brings claims for (1) cancellation of the note and deed of trust related to her loan, (2) fraud, (3) declaratory relief, (4) injunctive relief, (5) rescission, (6) violations of the federal Truth in Lending Act ("TILA"), (7) quiet title, (8) accounting, and (9) violations of the Real Estate Settlement Procedures Act ("RESPA").  Defendants Litton and Deutsche Bank (collectively "Defendants") now move to dismiss Ms. Zaharescu's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, for a more definite statement pursuant to Rule 12(e).  Defendant Ameriquest also moves to dismiss Ms. Zaharescu's claims under Rule 12(b)(6).

For the following reasons, Ameriquest and Deutsche Bank's motions to dismiss are GRANTED WITH PREJUDICE.  Deutsche Bank's motion for a more definite statement is DENIED as moot.  Litton's motion to dismiss is GRANTED WITH PREJUDICE for all claims except Ms. Zaharescu's RESPA claim, and DENIED as to Ms. Zaharescu's RESPA claim.  Litton's motion for a more definite statement is GRANTED as to Ms. Zaharescu's RESPA claim, and DENIED as moot for all other claims.

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)                                              Date: November 9, 2009
                                                                              Page 3

FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**Analysis**

    **1.**    **California Civil Code Section 3412**

Ms. Zaharescu's first claim is for cancellation of the note and deed of trust related to her loan under California Civil Code Section 3412. Section 3412 provides that "[a] written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." CAL. CIV. CODE § 3412. Thus, the contract must be void or voidable to be cancelled. Ms. Zaharescu argues that the loan was obtained through fraud and that it is unconscionable. (FAC ¶¶ 66, 67.) As the Court previously noted, these underlying causes of action are barred by the statute of limitations because Ms. Zaharescu brings her claims over five years after she entered into the loan agreement. *See* CAL. CIV. PROC. CODE §§ 337, 338. The contract is therefore not void or voidable, and her claim to cancel it under Section 3412 fails as a matter of law.

    **2.**    **Fraud**

Ms. Zaharescu's second cause of action is for fraud. As discussed above, Ms. Zaharescu's claim for fraud is barred by the statute of limitations. The statute of limitations for fraud is three years. CAL. CIV. PROC. CODE § 338. Ms. Zaharescu brings her action over five years after the relevant transaction. Her claim is time-barred.

Ms. Zaharescu has failed to plead a basis for equitable tolling of the statute of limitations. She argues that the statutes of limitations must be tolled because she made numerous efforts to obtain her loan documents, but was unable to do so. (SAC ¶ 80.) She alleges that she was misled regarding her monthly payments on the loan, the interest rate on the loan, and the amount financed under the loan agreement. Even if true, these facts are not sufficient to support equitable tolling. Although Ms. Zaharescu alleges that she was unable to obtain copies of her loan documents until 2008, she does not allege that she was not given the opportunity to review these documents when she signed them.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00428-CJC(ANx)                      Date: November 9, 2009
                                                                                                                Page 4

---

Furthermore, she made loan payments for nearly four years. (SAC ¶¶ 17–18.) Ms. Zaharescu had ample opportunity to discover the alleged discrepancies regarding the size of her payments and the interest rate on her mortgage during the nearly four years she made payments. Ms. Zaharescu has not alleged sufficient facts to establish that she could not have discovered the allegedly unlawful conduct either when she signed the loan documents or during the period in which she made payments on the loan.

    **3.**     **Declaratory Relief**

Ms. Zaharescu's third cause of action for declaratory relief is based on her claims for recession under TILA, improper assignment and pooling of the loan, and California Civil Code Section 2923.5. First, as described further below, Ms. Zaharescu's claim for rescission under TILA is barred by the statute of limitations. Second, Ms. Zaharescu offers no legal theory under which the assignment and pooling of the loan was improper or under which she has the right to enforce the assignment contract as a third party. Third, Ms. Zaharescu's claim that Defendants violated California Civil Code Section 2923.5, which requires that a notice of default include a declaration that the mortgagee has contacted or attempted to contact the borrower in an attempt to avoid foreclosure. Ms. Zaharescu has not pleaded any facts regarding this violation, and merely concludes that Defendants "failed to comply" with Section 2923.5. (SAC ¶ 91.) Indeed, the Notice of Default contained the necessary declaration required by Section 2923.5. (Ex. C to Def.'s Request for Judicial Notice). Ms. Zaharescu's claim for declaratory relief fails as a matter of law.

    **4.**     **Injunctive Relief**

Ms. Zaharescu's fourth cause of action for injunctive relief fails as a matter of law because it is based on the other causes of action that fail.

    **5.**     **TILA**

Ms. Zaharescu's fifth and sixth causes of actions under TILA are time-barred. Actions by private individuals to collect damages under TILA must be brought within a year of the lender's alleged violation of the law. 15 U.S.C. § 1640(e). Actions for rescission under TILA must be brought within three years of the lender's alleged violation of the law. 15 U.S.C. § 1635(f). Ms. Zaharescu entered into the transaction in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)  Date: November 9, 2009
Page 5

February 19, 2004, but did not file this action until April 8, 2009, more than five years later. Ms. Zaharescu's argument that "consummation" never occurred directly contradicts her assertion that she signed the loan documents. (SAC ¶ 15.) The statute of limitations for disclosure violations under TILA begins to run at the time the borrower signs the loan documents. *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Additionally, for the reasons described above, Ms. Zaharescu has not pleaded a sufficient basis for equitable tolling. Her claims for damages and rescission under TILA are time-barred.

### 6.  Quiet Title

Ms. Zaharescu's claim for quite title fails because it is predicated on her other causes of action that also fail as a matter of law.

### 7.  Accounting

Ms. Zaharescu's cause of action for accounting fails as a matter of law because a claim for accounting "requires a showing . . . that some balance is due the plaintiff that can only be ascertained by an accounting." *Tesselle v. McLaughlin*, 173 Cal. App. 4th 156, 178 (Cal. Ct. App. 2009). As Ms. Zaharescu makes no claim that Defendants owe her money, this claim fails as a matter of law.

### 8.  RESPA

Ms. Zaharescu's final cause of action for violations of RESPA is alleged against Litton. Ms. Zaharescu claims that she made qualified written requests to Litton in the second half of 2008, and that Litton failed to properly and timely respond to those requests as required by 12 U.S.C. § 2605(e)(2). Ms. Zaharescu sets forth a long and confusing set of facts regarding her correspondence with Litton from July to October of 2008 in her Second Amended Complaint. (SAC ¶¶ 26-53.) Then, in her RESPA cause of action, she summarily alleges violations of RESPA based on these events. (SAC ¶¶ 138-140.) Without more specific allegations, it is unclear which transactions constitute the basis of Ms. Zaharescu's claims. In order for Litton to respond to these claims, Ms. Zaharescu must set forth the responses to which she claims are inadequate or untimely. Accordingly, she must provide a more definite statement with regard to the RESPA claims against Litton.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00428-CJC(ANx)            Date: November 9, 2009
                                                                                                              Page 6

**Conclusion**

      For the foregoing reasons, Ameriquest's motion to dismiss is GRANTED WITH PREJUDICE. Deutsche Bank's motion to dismiss is also GRANTED WITH PREJUDICE. Deutsche Bank's motion for a more definite statement is DENIED as moot. Ameriquest and Deutsche Bank are DISMISSED from this case.

      Litton's motion to dismiss is GRANTED WITH PREJUDICE for all claims except Ms. Zaharescu's RESPA claim, and DENIED as to Ms. Zaharescu's RESPA claim. Litton's motion for a more definite statement is GRANTED as to Ms. Zaharescu's RESPA claim, and DENIED as moot for all other claims. Ms. Zaharescu has twenty days leave to amend her complaint consistent with this order. Litton has twenty days thereafter to respond.

      The Court also *sua sponte* DISMISSES Ms. Zaharescu's claims against Quality for cancellation, declaratory relief, and injunctive relief for the reasons stated above. Ms. Zaharescu has had three opportunities to state a claim for these causes of action, and has failed to do so on each occasion. Quality is DISMISSED from this case.


jhp

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk: MU